IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Petitioner,<br><br>     v.<br><br>MONTGOMERY GLOBAL ADVISORS<br>V LLC, et al.,<br><br>             Respondents.. | No. C-04-00733 EDL<br><br>**ORDER AWARDING COSTS** |

### I.   INTRODUCTION

On April 14, 2005, Judge Smith referred this case to this Court and warned Respondents that, if they were found to be non-compliant with their discovery obligations, they would be "ordered to reimburse the Government for all costs involved with the continued hearing on April 14 and additional costs up to, and including, the date of compliance." Docket No. 46 (Order of Reference to a Magistrate Judge) at 2. On August 1, 2005, this Court found that Respondents were in contempt and granted Petitioner's motion for contempt and sanctions against Respondent Montgomery Global Advisors V LLC ("Respondent"). The Court ordered Respondent to pay $1,000.00 per day of non-compliance between April 15, 2005 and May 13, 2005, and for every day from the date that Petitioner provided the revised missing document list until Respondent achieved compliance. As Judge Smith had warned, the Court also ordered Respondent to reimburse Petitioner United States of America ("Petitioner") "for all costs involved with the continued hearing on April 14, 2005, the evidentiary hearing on May 13, 2005, the direct testimony of Agent White, and the telephonic

hearing on June 7, 2005." See Docket No. 68 (Order Granting Motion for Contempt and Sanctions) at 11. Petitioner timely submitted a bill of costs and supporting affidavit, and Respondent has not filed any objections. For the reasons stated below, the Court GRANTS Petitioner's costs, including attorneys' fees and travel expenses.

## II. DISCUSSION

### A. ATTORNEYS' FEES

A reasonable hourly rate to award for fees depends on "prevailing market rates in the relevant community." Schwartz v. Sec'y of Health & Human Servs., 73 F.3d 895, 906 (9th Cir. 1995). In her declaration, Jennifer Giaimo ("Giaimo"), Trial Attorney for the Tax Division of the U.S. Department of Justice, asks the Court to award a total of $17,742.92 for 114.5 hours of work billed at $154.96 per hour ($125 adjusted for inflation). See Docket No. 69 (United States' Bill of Costs and Declaration of Jennifer A. Giaimo in Support) at 2-3. This rate is eminently reasonable and below the typical market rate for lawyers in San Francisco. The hours worked were incurred in relation to the April 14, 2005, May 13, 2005, and June 7, 2005 hearings (including the deposition of Roger Groh) and the direct examination of Agent White, and are not excessive. Petitioner's claim for attorneys' fees accordingly is reasonable.

### B. TRAVEL EXPENSES

Petitioner claimed a total of $2,483.00 for travel expenses including air fare, hotel, taxi fees, and per diem for four days, accrued over the course of two trips to San Francisco from Washington D.C. and supported by an affidavit. The first trip ($1,068.43 total cost) was taken on April 13, 2005 to depose Groh and to appear at the April 14, 2005 hearing. The second trip ($1,414.57 total cost) was taken on May 13, 2005 to appear at the evidentiary hearing held on the same day. Along with her statement, Giaimo included receipts for airfare, hotel, and taxi costs. See Docket No. 69 (Declaration of Giaimo) Exs. A-C. Her daily expenditures were in line with the expenses authorized for reimbursement to federal employees engaged in work-related travel. This Court finds that Petitioner's request for travel costs is reasonable. See Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994) (award of costs of hotel bills and

2

meals, among other services, necessary and reasonable); In re Media Vision Technology Securities Litigation, 913 F. Supp. 1362, 1369-70 (N.D. Cal. 1996) (allowing travel expenses is within the discretion of the trial judge, as long as they are "reasonable and necessary" in furnishing effective representation and not regarded by the court as overhead expenses that should be absorbed by counsel). The Court accordingly grants travel costs in the amount of $2,483.00.

### III.  CONCLUSION

The Court grants Petitioner's request for attorneys' fees in the amount of $17,742.92 and travel expenses in the amount of $2,483.00, for a total award of $20,225.92.

**IT IS SO ORDERED.**

Dated: October 12, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge

3