IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>MONTGOMERY GLOBAL ADVISORS V LLC, et al.,<br><br>    Respondents.<br>    _____/ | No. C-04-00733 EDL<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO INCARCERATE ROGER GROH FOR CONTEMPT AND ORDERING MONETARY SANCTIONS AGAINST HIM** |

On August 1, 2005, the Court found Respondent Montgomery Global Advisors V LLC ("Montgomery") and its principal, Roger Groh, in contempt of the Court's May 5, 2004 Order. The Court ordered Montgomery Global to comply fully with the eight administrative summonses relating to Section 1256 Contract Transactions that were issued by the Internal Revenue Service ("IRS") to Montgomery Global and to Respondent Groh Asset Management ("Groh Asset") on April 11, 2003, in connection with its investigation into Respondents' role in organizing and selling tax shelters. The contempt order required Montgomery Global to respond with specificity to a revised Missing Document List provided by Petitioner on August 10, 2005. The Court fined Montgomery Global $1,000.00 per day for each day of noncompliance, assessed retroactively from April 15, 2005 to May 13, 2005, and for each day from August 10, 2005 until it achieved compliance. On November 23, 2005, Petitioner filed this Motion to Incarcerate Roger Groh for Contempt because Mr. Groh had failed to comply with the contempt order as of that date.

On January 10, 2006, the Court held the first hearing on Petitioner's Motion to Incarcerate Roger Groh for Contempt. On January 11, 2006, the Court issued an Order regarding Petitioner's

motion, finding that Petitioner had made a sufficient showing to justify Mr. Groh's incarceration pending compliance with the Court's August 1, 2005 Contempt Order as a sanction for civil contempt, but giving Mr. Groh one last chance. Mr. Groh filed a declaration on January 20, 2006 outlining, *inter alia*, the steps he had taken since January 10, 2006 to comply.

At the January 24, 2006 continued hearing on Petitioner's Motion to Incarcerate, Petitioner clarified that there were thirty-nine documents from the Missing Document List that had not been produced. On that date, Mr. Groh gave testimony about his efforts to locate those and other documents in accordance with the Court's prior Orders. After that hearing, the Court ordered further briefing.

On February 7, 2006, Mr. Groh filed another declaration detailing the actions he had taken since the January 24, 2006 hearing to comply with the Court's contempt Order. In the attachment to the declaration, Mr. Groh stated that he faxed some new documents to the IRS on February 6, 2006. Further, Petitioner states that on February 9, 2006, Mr. Groh produced a set of original brokerage statements that had not previously been produced.

On February 9, 2006, Petitioner filed its supplemental brief addressing three issues: (1) whether Mr. Groh could be personally liable for sanctions; (2) whether he should be incarcerated for failing to comply with prior Orders; (3) whether Petitioner should be permitted to examine Mr. Groh's computer files. Mr. Groh's counsel filed a responsive brief, and Petitioner replied. It is unclear from Petitioner's briefs exactly which documents remain outstanding. Accordingly, Petitioner shall provide Mr. Groh with a list of the remaining missing documents.

First, "[i]t is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 506-07 (8th Cir. 2000) (concluding that judgments were binding on non-party because there was no question that the non-party had notice of the orders and was legally identified with the corporations because the non-party was in a position to carry out acts on their behalf) (citing Bessette v. W.B. Conkey Co., 194 U.S. 324, 325 (1904) (a person, "not a party to the suit, [may be] guilty of contempt for violation of an order of that court, made in such suit, and imposing a fine for such contempt.")). In the Ninth Circuit, a non-party can be liable for contempt

where the non-party either aids the party in violating the court order or is legally identified with him, and has notice of the order. Peterson v. Highland Music, 140 F.3d 1313, 1323 (9th Cir. 1998) (quoting NLRB v. Sequoia Dist. Council of Carpenters, 568 F.2d 628, 633 (9th Cir. 1977) ("It can hardly be argued that the principal officers of a labor union are not legally identified with it, and thus liable in contempt for disobeying an order directed to the union.")).

Here, the contempt order was against Montgomery Global. Mr. Groh, as the managing member of Montgomery Global, clearly had and continues to have the ability to act on behalf of that entity and is therefore legally identified with it. Further, the Court found in its January 11, 2006 Order that Mr. Groh had notice of the August 1, 2005 contempt order in early December 2005. Accordingly, pursuant to Peterson, Mr. Groh can be personally liable for Montgomery Global's contempt. However, Mr. Groh cannot be subject to sanctions before he had notice of the order in early December. And at least as of now, Petitioner has cited no authority for imposition on Mr. Groh of the per diem sanctions that have already accrued against Montgomery Global since he had notice of the contempt order. Therefore, Mr. Groh is fined $1,000.00 per day for each day of non-compliance from the date that Petitioner provides him with a new list of remaining missing documents until he achieves full compliance.

Second, although Petitioner has made a strong showing for incarceration, the Court denies Petitioner's motion to incarcerate at this time. Petitioner is understandably suspicious that Mr. Groh continues to produce new documents at this late date, especially when he has previously stated under oath that he had produced all documents in his possession. See Apr. 14, 2005 Decl. of Roger Groh in Opp'n to Motion for Contempt at ¶ 10 ("As of today, I have provided all documents within the possession of me, Montgomery, or Groh Asset Management."). However, the Court declines to incarcerate Mr. Groh now that he is at least making an effort to produce documents and before he has been subject to less drastic sanctions. Petitioner's motion is denied without prejudice to re-filing if Mr. Groh fails to comply with his remaining obligations in connection with this case.

Third, Petitioner seeks access to all of Mr. Groh's computer systems that might contain responsive information. This request is amply justified. In a February 15, 2006 e-mail, Mr. Groh's counsel agreed to let Petitioner access the computers, saying that Mr. Groh was generally available

3

during the next week. Opp'n brief at 6:10-12; Reply Ex. A. In an e-mail about twenty-four hours later, Petitioner requested that Mr. Groh bring his computer to the IRS office in San Francisco five days later on February 21, 2006. Reply Ex. A. Mr. Groh read this e-mail, and responded by e-mail to his counsel requesting that the meeting take place on February 22, 2006 instead. Second Supp. Groh Decl. ¶ 1. Mr. Groh's counsel was out of town. Instead of contacting Petitioner-- something which Mr. Groh has not hesitated to do in the past -- Mr. Groh simply failed to appear. Reply at n. 4. By failing to appear or otherwise make efforts to notify Petitioner that he would not appear, Mr. Groh further showed his contempt for this proceeding. Mr. Groh has informed the Court that he will make his computer systems available for inspection at 700 Montgomery Street, San Francisco, CA on March 8, 2006 at 8:30 a.m. Second Supp. Opp'n to United States' Mot. to Enforce Contempt Order at 3:8-10. Accordingly, Mr. Groh shall make his computer systems available to Petitioner for inspection on March 8, 2006 at 8:30 a.m. The Court admonishes Mr. Groh that his general obligation to refrain from spoliation of evidence remains in effect.

Accordingly, Petitioner's motion to incarcerate Mr. Groh is denied without prejudice. No later than March 10, 2006, Petitioner shall provide a list of missing documents to Mr. Groh. Mr. Groh shall be fined $1,000.00 per day for each day of non-compliance from the date that Petitioner provides him with a new list of remaining missing documents until he achieves full compliance. Mr. Groh shall make his computer systems available to Petitioner for inspection on March 8, 2006 at 8:30 a.m. at 700 Montgomery Street in San Francisco.

**IT IS SO ORDERED.**

Dated: March 2, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge

4